IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

TRUSTEES OF DENVER THEATRICAL STAGE EMPLOYEES UNION LOCAL NO. 7
HEALTH AND WELFARE TRUST FUND,

Plaintiffs,

v.

COAST TO COAST TRADE SHOW SERVICES, INC.,
a Colorado corporation,

Defendant.

## COMPLAINT

Plaintiffs, Trustees of the Denver Theatrical Stage Employees Union Local No. 7 Health and Welfare Trust Fund ("Health Fund"), by their undersigned attorney, allege the following claims against Defendant, Coast to Coast Trade Show Services, Inc. ("Coast to Coast").

### JURISDICTION AND VENUE

1. This is an action by the trustees of a multi-employer employee benefit fund (the "Trustees") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions owed to the Health Fund under the terms of a collective bargaining agreement. Plaintiffs seek to enforce the statutory duty of Coast to Coast to make such contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

{00456496:}

2. This Court has jurisdiction over the subject matter and parties to this action pursuant to 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. §§ 1331 and 1337.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because the breach took place in Colorado, and Coast to Coast resides and conducts business in Colorado.

## PARTIES

4. The Health Fund is a multiemployer employee benefit plan as defined in 29 U.S.C. § 1002(3) and (37).  The Health Fund is an express trust established for the purpose of providing health insurance, medical benefits, dental coverage, and similar benefits for employees in the trade show industry working under collective bargaining agreements.

5. Plaintiffs, the Trustees of the Health Fund, are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are empowered to bring this action under 29 U.S.C. § 1132(a)(3).

6. Defendant, Coast to Coast, is a Colorado corporation, with its office and principal place of business at 3999 Holly St., Unit #14, Denver, CO  80207.

7. The principal officer and registered agent for Coast to Coast is James R. Hanzel.

8. At all times material herein, Coast to Coast has been an employer within the meaning of ERISA, 29 U.S.C. § 1002(5) and § 1145, and has been engaged in an industry affecting commerce as defined by 29 U.S.C. § 1002(12).

## FACTUAL ALLEGATIONS
### Obligations of Coast to Coast to Submit Contributions for Employee Benefits

9. At all times material herein, Coast to Coast has been, and continues to be, signatory to and bound by a collective bargaining agreement ("CBA") with Denver Theatrical Stage, Film and Exhibition Employees' Union, I.A.T.S.E, Local No. 7.

10. The most recent CBA to which Coast to Coast has been bound is effective for the period January 1, 2017 to December 31, 2019 (the "Current CBA").

11. At all times material herein, pursuant to the terms of the CBA, e.g., Section 24.04 of the Current CBA, Coast to Coast has been bound by the terms and provisions of the "Trust Agreement" governing the Health Fund, amendments to the Trust Agreement, and other documents adopted or actions taken by the Trustees of the Health Fund pursuant to the powers granted to them by the Trust Agreement.

12. At all times material herein, Coast to Coast has been obligated under the provisions of the CBA and Trust Agreement to pay contributions ("Contributions") to the Health Fund for health insurance, medical benefits, dental coverage, and similar benefits in specified percentages based on gross wages of employees doing work covered by the CBA ("Covered Work").

13. The CBA requires the Company to submit monthly reports and accompanying Contributions by the 10th day of the month immediately following the month in which Covered Work was done.

14. Under the CBA in effect from January 1, 2014 to December 31, 2016, Coast to Coast was obligated, for employees doing Covered Work from January 1 to December 31, 2016, to contribute a total of 24 percent of all gross wages to the Health Fund and the Denver Theatrical Stage Employees Union Local No. 7 Pension Trust Fund, with the Trustees determining the allocation between the two funds.

15. Under the Current CBA, Coast to Coast was obligated, for employees doing Covered Work during the period January 1 to December 31, 2017, to contribute 2 percent of gross

wages to International Alliance of Theatrical Stage Employees Annuity Fund and 24 percent to the Health Fund.

16. Under the Current CBA, Coast to Coast is obligated, for employees doing Covered Work during the period January 1 to December 31, 2019, to contribute 30 percent of gross wages to the International Alliance of Theatrical Stage Employees Annuity Fund and the Health Fund, with the Trustees determining the allocation between the two funds.

### Contributions Owed by Coast to Coast to the Health Fund

17. For the year 2016, Coast to Coast owes Contributions to the Health Fund in the amount of $12,344.81, based on monthly reports filed by Coast to Coast without accompanying Contributions.

18. For the year 2017, Coast to Coast owes Contributions to the Health Fund in the amount of $1,973.73, based on monthly reports filed by Coast to Coast without accompanying Contributions.

19. For the year 2019 to date, Coast to Coast owes Contributions to the Health Fund in the amount of $3,092.61, based on monthly reports filed by Coast to Coast without accompanying Contributions.

20. The total unpaid Contributions owed by Coast to Coast are $17,411.15, taking into account 2016, 2017, and 2019 to date.

21. The Trust Agreement, as amended, provides that the Trustees of the Health Fund have the authority to assess interest at the rate of 3 percent above the prime rate, not to exceed 12 percent, on unpaid Contributions from the date payment was due until payment is made. Accordingly, the applicable interest rate is 6 percent per annum.

22. The Health Fund has assessed, and Coast to Coast owes, interest of $1,688.36 on unpaid Contributions in 2016, interest of $151.52 on unpaid Contributions in 2017, and interest of $21.86 on unpaid Contributions in 2019.  The total interest to date is $1,861.74, which continues to accrue until the overdue Contributions are paid.

23. The Trust Agreement, as amended, in accordance with ERISA, 29 U.S.C. § 1132(g)(2)(C), provides that the Trustees of the Health Fund have the authority to assess liquidated damages at the rate of 20 percent of unpaid Contributions.

24. The Health Fund has assessed, and Coast to Coast owes, liquidated damages of $3,482.23 on total Contributions due to date.

25. The total of unpaid Contributions, interest to date, and liquidated damages owed by Coast to Coast is $22,755.12.

26. The Health Fund has made numerous efforts to encourage and demand that Coast to Coast submit its unpaid Contributions.

27. Coast to Coast has failed or refused to pay the unpaid Contributions for 2016, 2017, and 2019 to date

## CLAIM FOR RELIEF
### ERISA, 29 U.S.C. § 1145; and LMRA, 29 U.S.C. § 185:
### Failure to Pay Fringe Benefit Contributions

28. Plaintiffs restate and incorporate by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

29. Coast to Coast's failure or refusal to pay the required Contributions constitutes a breach of the CBA and the Trust Agreement, in violation of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 515 of ERISA, 29 U.S.C. § 1145.

30. When an employer, such as Coast to Coast, fails or refuses to pay Contributions in a timely manner, the Trust Agreement provides for the recovery of all expenses of collection incurred by the Health Fund, including court costs and attorney fees.

31. Pursuant to 29 U.S.C. § 1132(g)(2), the CBA, and the Trust Agreement, Plaintiffs are entitled to judgment against Coast to Coast for the following damages:

   (a) The unpaid Contributions for 2016, 2017, and 2019 to date in the amount of $17,411.15, along with any additional Contributions for work in 2019 that may become due and are not paid during the pendency of this action.

   (b) Interest at the rate of 6 percent as provided in the Trust Agreement, which is presently $1,861.74, but continues to accrue until the overdue Contributions are paid.

   (c) Liquidated damages at 20 percent per 29 U.S.C. § 1132(g)(2) and the Trust Agreement, which are presently $3,482.23, but will increase if Coast to Coast fails to pay additional Contributions as they become due in 2019.

   (d) Reasonable attorney fees and other collection expenses incurred, including court costs, as provided in 29 U.S.C. § 1132(g)(2).

   (e) Post-judgment interest.

   (f) Such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant, Coast to Coast Trade Show Services, Inc., providing for the following relief:

A. Ordering Coast to Coast to pay Contributions to the Health Fund in the amount of $17,411.15.

B.     Ordering Coast to Coast to pay interest at the rate of 6 percent as provided in the Trust Agreement, which is presently $1,861.74, but continues to accrue until the overdue Contributions are paid.

C.     Ordering Coast to Coast to pay liquidated damages of $3,482.23, or such additional liquidated damages as will accrue during the pendency of this action if Coast to Coast fails to pay additional Contributions as they become due in 2019.

D.     Ordering Coast to Coast to reimburse the Health Fund for the Fund's reasonable attorney fees and other collection expenses incurred in this action, including court costs, and to pay post-judgment interest at the rate provided by law.

E.     Ordering such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted this 24th day of April, 2019.

SPENCER FANE LLP

*s/ Michael J. Belo*
Michael J. Belo
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 592-8313
Fax: (303) 839-3838
Email: mbelo@spencerfane.com

Attorneys for Plaintiffs